HILLSBOROUGH.

### CLOUGH & a., *Ex'rs, v.* FELLOWS.

In *scire facias* on a judgment of foreclosure, a plea of the defendant's administrator that the judgment was rendered in fraud of the defendant's creditors, need not set forth the names of the creditors, the amounts due them, or the nature or dates of their claims. If justice requires a specification on the subject, it can be obtained on a motion for an order.

In such a *scire facias,* a plea of paramount title acquired by the defendant after the judgment of foreclosure may be allowed, if it would be a just and convenient step of procedure under the circumstances of the case. If the plea is rejected during the pendency of other pleas on which the plaintiff ultimately prevails, the writ of possession may be stayed until the question of paramount title is determined in the same or some other suit.

SCIRE FACIAS, by the executors of Herman Foster, on a judgment of foreclosure, for a writ of possession of land at Goffe's Falls. Clark, administrator of the defendant, pleads that the defendant's estate is insolvent, and is administered as insolvent; that nothing was due on the mortgage when the judgment was rendered; that if anything was due, the judgment was rendered for a sum greatly in excess of the debt; and that the judgment was entered in fraud of the creditors of Fellows, and upon a fraudulent agreement of Fellows and Foster that it should be so rendered, with intent to hinder, delay, and defraud the creditors of Fellows. The third plea is of paramount title acquired by Fellows after the rendition of the judgment. The plaintiffs demur.

*Chase & Streeter* and *Jeremiah Smith,* for the plaintiffs. A title paramount to the mortgage cannot be set up in defence to a foreclosure suit. "Only the rights and interests under the mortgage and subsequent to it can properly be litigated upon a bill of foreclosure." *Woodward* v. *Haven,* Grafton, January T., 1871 (unreported); *Corning* v. *Smith,* 6 N. Y. 82; *Lewis* v. *Smith,* 9 N. Y. 502; *Cronin* v. *Hazeltine,* 3 Allen 324; *Gerrish* v. *Black,* 122 Mass. 76; 2 Jones Mort. (2d ed.), ss. 1589, 1440, 1445. In *Woodward* v. *Haven,* it was decided that where a bill to foreclose a mortgage is brought against the owner of the equity of redemption, who is also the equitable assignee of a prior mortgage, and a decree for foreclosure is rendered, the owner of the equity is not thereby estopped from afterwards setting up his prior mortgage. This

decision was based upon the position that the existence and validity of the prior mortgage were not a proper subject of litigation in the suit to foreclose the second mortgage.

There is another objection to this plea. Even if the mortgagor could have pleaded in the original suit a paramount title, which he then held, it does not follow that he can now plead to the *scire facias* a paramount title which he has acquired since the rendition of the original judgment. In *Bradford* v. *Bradford*, 5 Conn. 127, it was held that in a *scire facias* brought to obtain an execution on a former judgment in ejectment, it is incompetent for the defendant to controvert the title determined by such judgment; that if he has acquired a new title since the original judgment, he may maintain an action founded on such title, but cannot set it up in defence to the *scire facias*.

*B. P. Cilley* and *C. R. Morrison*, for the defendant, cited, on the question of paramount title, *Hedge* v. *Holmes*, 10 Pick. 380, *Bailey* v. *March*, 3 N. H. 274, *Bell* v. *Woodward*, 34 N. H. 90, *Stark* v. *Brown*, 40 N. H. 345, *Wheeler* v. *Bates*, 21 N. H. 460, *Wilson* v. *Webster*, 6 N. H. 419, *Cronin* v. *Hazeltine*, 3 Allen 324, *Shears* v. *Dusenbury*, 13 Gray 292, *Bradford* v. *Bradford*, 5 Conn. 127, Washburn R. P. 598, and Jones Mort., ss. 952, 1300, 1305.

DOE, C. J. The plea of fraud need not set forth the names of the creditors, the amounts due them, or the nature or dates of their claims. At the trial term, an order can be made for the defendant to furnish a specification on the subject, if it is needed. The demurrer to this plea is overruled.

The plea of paramount title could be allowed if it would be a just and convenient step of procedure in this case. *Metcalf* v. *Gilmore*, 59 N. H. 417, 434; *Rutherford* v. *Whitcher*, 60 N. H. 110, 112. But the question raised by it cannot be justly or conveniently tried with the other questions. The nature and extent of the controversy are such that the other pleas will be enough for one trial. If the plaintiff prevails on the other pleas, the parties can be heard on a motion of the defendant for a stay of the writ of possession. He might be able to show that he ought not to be ousted before the lapse of a reasonable time for the trial of the question of paramount title, in some other suit, or in this suit on his plea, or on a declaration or bill filed by him as an amendment of his pleadings. For the present, the plea of paramount title is rejected.

*Case discharged.*

STANLEY, SMITH, and CLARK, JJ., did not sit: the others concurred.

## BLISS'S PETITION.

A state law, withholding from all citizens of other states a licensed peddler's privilege enjoyed by its own citizens, would be an infringement of the federal right of equality secured by art. 4, s. 2, of the federal constitution.

PETITION for a peddler's license.

*Petitioner, pro se.*

STANLEY, J. The petitioner, a citizen of Massachusetts, asks for a license as a peddler upon the same terms and conditions as it is granted to citizens of this state; and the question is, whether he is entitled to it. According to the provisions of Gen. Laws, c. 119, s. 3, the clerk of the court is authorized to grant a license upon satisfactory evidence of good moral character. In 1881 the legislature amended this provision of the General Laws by restricting the granting of such license to the county in which the applicant holds his residence (Laws of 1883, c. 65, s. 3); and the question is, whether this provision of the statute prohibits the granting of this petition. The state power of taxation cannot discriminate against the citizens of other states. The equality of privileges and immunities guaranteed by the federal constitution (art. 4, s. 2) to the citizens of each state, exempts them from any higher taxes than the state imposes upon her own citizens. The petitioner, being entitled to all the privileges and immunities belonging to the citizens of the several states, is entitled, within this state, to all the rights and privileges of our own citizens, and he may sell, or offer or expose for sale, here, anything which the citizens of this state can sell, offer, or expose for sale, upon the same terms and conditions, and subject to the same duties and liabilities, as the permanent residents of this state. *Ward* v. *Maryland*, 12 Wall. 418, 430; *Slaughter-house Cases*, 16 Wall. 36, 76, 100; *McCready* v. *Virginia*. 94 U. S. 391.

It is to be presumed that s. 3, c. 65, Laws of 1883, was not intended to conflict with this federal right of equality. *Opinion of Justices*. 41 N. H. 554, 556. The provision that a peddler's license shall be granted only for that county in which the applicant holds his residence cannot be so applied as to discriminate against citizens of other states. And as it imposes no disability upon them, the only effect that could be given it would be to discriminate against citizens of this state by requiring them to pay for a license in the county of their residence in order to do business in another county. As the legislature probably did not intend thus to discriminate against citizens of this state, the question may arise whether this provision of the statute has any effect. However that may be, it imposes no disability in this case.

*Petition granted.*

All concurred.